**Frank SCHONFELD, Movant–Appellant,**

Friends of Van Cortlandt Park and the Parks Council, Plaintiffs,

v.

CITY OF NEW YORK, New York City Department of Environmental Protection, New York City Planning Commission, New York City Council, New York City Department of Parks and Recreation, Rudolph W. Giuliani, Joel A. Miele, Sr., Henry J. Stern, Defendants–Appellees.

Docket No. 00–7387.

United States Court of Appeals, Second Circuit.

July 25, 2001.

Frank Schonfeld, pro se.

Ronald E. Sternberg, Assistant Corporation Counsel, New York, NY; Michael D. Hess, Corporation Counsel of the City of New York, on the brief, for appellee.

Present MINER, JACOBS and POOLER, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment be AFFIRMED.

Frank Schonfeld, pro se, appeals from the order entered in the United States District Court for the Eastern District of New York (Gershon, J.) denying his motion to intervene in two related district court actions: *Friends of Van Cortlandt Park v. City of New York*, 96 F.Supp.2d 195 (E.D.N.Y.), and *Norwood Community Action v. Dep't of Environmental Protection*, 96 F.Supp.2d 195 (E.D.N.Y.). *See Friends of Van Cortlandt Park v. City of New York*, No. 99–cv–7399 (E.D.N.Y. Mar. 23, 2000) (order denying motion to intervene). Schonfeld also moves to have this Court consider a number of documents from a prior appeal.

The two cases in which Schonfeld seeks to intervene were brought by two different citizen groups ("citizen suits") challenging the City of New York's choice of Mosholu Golf Course in Van Cortlandt Park as the location for a Water Treatment Plant ("WTP"). Pursuant to a consent decree that the City entered into with the United States and the State of New York, the City was required to build a WTP for the Croton watershed, which provides drinking water to the City and surrounding areas. The citizen suits were originally filed in New York State Supreme Court under Article 78 of the New York C.P.L.R. and then removed to the United States District Court for the Eastern District of New York, in which the consent decree was entered.

The citizen groups sought to annul the City's selection of the Mosholu Golf Course site on the ground that prior approval of the state Legislature was required. These two suits were considered by the district court in conjunction with a suit brought by the State of New York under the consent decree's dispute resolution provision, also arguing that the city was required to seek legislative approval for the Mosholu site. *See United States v. City of New York*, 96 F.Supp.2d 195 (E.D.N.Y.). The district court ruled in favor of the City, *see United States v. City of New York*, 96 F.Supp.2d 195 (E.D.N.Y.2000), but this Court certified to the New York Court of Appeals the question of whether prior legislative approval was required, *see Friends of Van Cortlandt Park v. City of New York*, 232 F.3d 324, 327 (2d Cir.2000). The Court of Appeals answered our question in the affirmative. *See Friends of Van Cortlandt Park v. City of New York*, 95 N.Y.2d 623, 727 N.Y.S.2d 2, 5, 750 N.E.2d 1050, 1053 (2001). This Court accordingly reversed the judgment of the district court and remanded for entry of judgment in favor of the plaintiffs, which was done in April 2001.

The district court denied Schonfeld's motion to intervene on the grounds that (i) insofar as Schonfeld was attempting to challenge the selection of the Mosholu site, "the motion to intervene is an untimely effort [by the proposed intervenor] to bring his own Article 78 proceeding" and avoid the four month statute of limitation; and (ii) insofar as Schonfeld was attempting to raise new issues in the pending Article 78 proceedings—promoting Shandler Recreation Field as an alternative site—Schonfeld had no statutory right to intervene, and the motion's untimeliness rendered intervention inappropriate under Fed.R.Civ.P. 24. This ruling was not an abuse of discretion.* *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 83 (2d Cir. 2001) (this Court reviews "a district court's denial of a motion to intervene for abuse of discretion").

Rule 24 of the Federal Rules of Civil Procedure governs intervention, both as of right and permissive.

---

* Schonfeld moved for reconsideration, which the district court denied. It is unclear whether Schonfeld has properly appealed the denial of his motion for reconsideration; such denial, however, was not an abuse of discretion.

A. *Intervention as of Right.* Under Rule 24(a), anyone making a timely application may intervene as of right if (1) a federal statute confers an unconditional right to intervene, or (2) the individual has an interest in the litigation that can only be protected through intervention. Rule 24(a)(2), we have ruled,

> requires that the proposed intervenor (1) file a timely motion; (2) show an interest in the litigation; (3) show that its interest may be impaired by the disposition of the action; and (4) show that its interest is not adequately protected by the parties to the action. Denial of the motion to intervene is proper if any of these requirements is not met.
>
> The determination of the timeliness of a motion to intervene is within the discretion of the district court, evaluated against the totality of the circumstances before the court. Circumstances considered in this determination include: (1) how long the applicant had notice of the interest before [he] made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness.

*Deutsche Bank*, 236 F.3d at 84 (internal quotations and citations omitted).

■ The district court did not abuse its discretion in denying Schonfeld intervention as of right on the grounds that Schonfeld's motion to intervene was untimely and that the delay would prejudice the rights of the existing parties. The citizen suits were removed from state court to the Eastern District in late 1999, and Schonfeld moved to intervene in February 2000. Among the factors bearing on timeliness are that Schonfeld had notice of the events leading to the litigation as early as December 1997, and that the citizen suits, having been expedited, had already proceeded to the summary judgment stage. At that stage of the proceedings, the parties would have been prejudiced if further delay occurred to accommodate Schonfeld.

■ Schonfeld has failed to demonstrate how he has been prejudiced by the denial: the parties in the citizen suits were litigating the very issue he sought to raise—whether the City could build the treatment facility at the Mosholu site (and, specifically, whether prior legislative approval of that site was required); and that issue is no longer being litigated—even though the citizen suits technically remain open—because the New York Court of Appeals ruled that prior legislative approval of the Mosholu site was required. Judgment has now been entered by the district court in favor of the plaintiffs. True, future litigation over this issue may arise if the City is successful in obtaining legislative approval for the Mosholu site; however, Schonfeld's opposition may become irrelevant if the City either (i) chooses an alternative site, rather than pursue legislative approval for the Mosholu site, or (ii) is unsuccessful in its bid for legislative approval for the Mosholu site.

Schonfeld argues that his interests are inadequately represented by the citizen plaintiffs because he, unlike them, sought to compel the City to build the WTP at Shandler Recreation Field. But even if Schonfeld could persuade the district court as to the advantages of Shandler Recreation Field, the district court is unable to force the City to choose Shandler as an alternative site. As to that, Schonfeld remains able, during the pending legislative approval process, to lobby the City directly in favor of any alternative site.

To the extent Schonfeld attempts to argue in his reply brief that, pursuant to Fed.R.Civ.P. 24(a)(1), he had an unconditional statutory right to intervene in *United States v. City of New York*, 96

F.Supp.2d 195 (E.D.N.Y.) under 42 U.S.C. § 300j–8, this issue is not before this Court: Schonfeld has appealed the district court's denial of his motion to intervene in the two citizen suits, not the underlying government action.

■ B. *Permissive Intervention.* Rule 24(b) provides in pertinent part: "Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." This Court "review[s] a district court's ruling on permissive intervention for abuse of discretion, and our review in this area is particularly deferential." *United States v. City of New York,* 198 F.3d at 367. "Reversal of a district court's denial of permissive intervention is a very rare bird indeed, . . . ." *United States v. Pitney Bowes, Inc.,* 25 F.3d 66, 73 (2d Cir.1994). Schonfeld has not sufficiently identified a statute which confers a conditional right to intervene in the citizen suits. In addition, because Schonfeld's motion to intervene was untimely, the district court did not abuse its discretion in denying permissive intervention pursuant to Fed.R.Civ.P. 24(b). *See id.* at 74 ("[A] threshold consideration under Rule 24(b), as under Rule 24(a), is timeliness.").

\*    \*    \*

Schonfeld moves this Court to consider on appeal documents filed in the district court in connection with the underlying government action, *United States v. City of New York,* 96 F.Supp.2d 195 (E.D.N.Y.), and in this Court in connection with the appeal from that action, *United States v. City of New York,* 198 F.3d 360 (2d Cir.). These documents consist of submissions Schonfeld made to the district court seeking a temporary restraining order to prevent the City from announcing its chosen WTP site, on account of alleged fraud in the WTP selection process; the district court's denial of that motion; and other documents filed in opposition to the consent decree and the chosen WTP site. These submissions are irrelevant to whether the district court abused its discretion by denying Schonfeld the right to intervene in the two citizen suits, and the motion is denied.

For the reasons set forth above, the judgment is hereby AFFIRMED.